# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

JAMES R. FOLLOWELL                                                  PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:10CV-132-R

DANNY BUTLER *et al.*                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Acting without the assistance of counsel, Plaintiff, James R. Followell, initiated this action by filling out and filing a general complaint form. Along with his complaint, Plaintiff also filed an application to proceed without prepayment of the filing fee. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his application (DN 2) is **GRANTED**.

Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court must dismiss this action for failure to state a claim upon which relief may be granted.

As Defendants Plaintiff names: Danny Butler, State Trooper Wesley Martin, and the Liberty Police Department. In the section of the form complaint asking Plaintiff to list the grounds for filing this case in federal court, he states "expungement of records, probation expunged." In the section of the form complaint asking Plaintiff to state the basis of his claim in more detail, he states: "Mr. Butler for misrepresentation. Wesley Martin (SI) damages concerning my constitutional rights. Liberty Police Department damages concerning my constitutional rights."

As relief, Plaintiff requests "expungement of record, probation lifted, whatever else I am entitled to."

To his complaint, Plaintiff attaches a criminal docket sheet from Casey Circuit Court indicating that in 2007 he entered a guilty plea to charges related to the operation of a motor vehicle (failure to yield to an emergency vehicle, careless driving, driving on a suspended license, and operating a motor vehicle under the influence of drugs/alcohol) and was sentenced "per agreement; credit for 47 days balance probated."

Plaintiff recently filed a document on the Court's *pro se* motion form seeking "expungement of records, probation lifted, monetary damages." Upon review, the Court concludes that the filing is more in the nature of an amended complaint because it adds new Defendants. As such, the Court will treat it as such and will consider it as part of its initial review of this matter. In this filing, as Defendants Plaintiff lists: Casey County Hospital, Dr. Housan Haddad, Commonwealth Attorney Brian Wright, and Circuit Judge Waddle. In the body of the filing he states:

> My civil rights were violated. I was arrested and taken to the Casey County Hospital and had a blood test done, but was not treated for my injuries, and no records of any medical treatment are available. Brian Wright: After the judge locked me up, he set another trial date on October 5, 2007. I stayed in jail until October 2, 2007. My attorney Danny Butler told that him and Brian Wright was making a decision to let me out the next morning, Oct. 3, 2007, if I would enter a guilty plea, the trial date that the judge had set for Oct. 5, 2007 was canceled. If I did not enter a guilty plea they didn't know when a trial date would be set, they were in no hurry to set one. I could have been released Oct. 3, 2007, if I would enter a guilty plea on Oct. 8, 2007, is what Brian Wright and Danny Butler Wanted me to do. Judge Waddle: When he called me and Danny Butler up to the bench, Butler stated that I wanted a jury trial. He asked Butler what had happened to the trial date set for Aug. 16, 2007. Butler stated that he thought he had things worked out, but more or less all 3 (Brian Wright, Judge Weddle, Danny Butler) knew that it had been canceled. Judge Weddle stated that he was going to revoke my bond and send me to jail where he would know where I was at when it came to trial on Oct. 5, 2007.

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. Plaintiff's original complaint does not provide any explanation as to how Defendants allegedly violated his constitutional rights. As such, he has failed to state a cognizable claim against them. Additionally, the relief that Plaintiff seeks, expungement of his state court criminal conviction and release from parole, is not available in the context of this action. The sole mechanism by which he can obtain the requested relief in federal court is to file a habeas corpus action pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Lastly, Plaintiff's amended complaint is clear on its face that the events about which Plaintiff complains took place in 2007. Plaintiff did not file this action until August 16, 2010. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. When the face of the complaint shows that an action is time-barred, the case may been dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly, by separate Order, the Court will dismiss this action for failure to state a claim

upon which relief may be granted and as untimely.

In the event that Plaintiff desires to challenge his state-court conviction by filing a habeas action, the Clerk of Court is **DIRECTED** to mail Plaintiff a packet for filing an action pursuant to 28 U.S.C. § 2254.

Date:

cc: Plaintiff, *pro se*
4413.008